UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DASHONE MARCEL REYNOLDS | CIVIL ACTION |
| VERSUS | NO. 22-247 |
| ORLEANS PARISH MAGISTRATE COURT | SECTION "R" (2) |

## REPORT AND RECOMMENDATION

Petitioner Dashone Marcel Reynolds filed this petition for pretrial habeas corpus relief pursuant to 28 U.S.C. § 2241.[1]   On May 23, 2023, the matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.[2]

### I.   Factual and Procedural Background

When Reynolds filed this § 2241 petition on February 25, 2022, he was a pretrial detainee in the Orleans Justice Center.  Reynolds was charged with second-degree murder, attempted second-degree murder, illegal possession of a firearm by a convicted felon, and obstruction of justice in Orleans Parish Criminal Case No. 552-170.[3]  Since he filed this case, Reynolds has been convicted of manslaughter and obstruction of justice in Orleans Criminal Case No. 552-170.[4]

Reynolds has challenged this same arrest and charges in a prior § 2241 petition[5] as well as other § 2241 petitions filed after this petition.[6]  Reynolds' petition references the state court

---

[1] ECF No. 3.
[2] ECF No. 7.
[3] *Reynolds*, 2022 WL 2789402, at *1.
[4] *Reynolds*, 2023 WL 4013322, at *1.
[5] Civil Action 22-200 "R" (2).
[6] The subsequent § 2241 cases include Civil Action Nos. 22-533, 22-562, 22-606, 22-901, 22-946, 22-1023, 22-1234, 22-1328, and 22-1580 currently pending in Section "R" (2) of this court.

proceedings after his arrest under warrant number C-32687-21 and Orleans Parish criminal magistrate case number 591-013, which were preliminary to his proceedings in Orleans Parish Criminal Case No. 552-170.[7]

A.    **Prior § 2241 Petition**

In his previous § 2241 petition for federal habeas relief in Civil Action 22-200 "R" (2), Reynolds asserted the following arguments:

(1) he was arrested after an unconstitutional search and seizure;
(2) he was unable to exercise his right to a fair and speedy trial;
(3) he was found mentally incompetent solely to take away the few constitutional rights he had;
(4) he was unlawfully arrested despite the lack of evidence against him;
(5) the eyewitness/victim did not choose him from the photographic lineup;
(6) the license plate on the car was not in his name; and
(7) the detective testified at the preliminary hearing that Reynolds could not be seen in the video of the crime.[8]

The State's response challenged Reynolds' petition on grounds of failure to exhaust, abstention, and lack of merit.[9]  The State also provided a two volume copy of the state court record for Orleans Parish Criminal Case No. 552-170.[10]  The record included copies of Reynolds' arrest warrant number C-32687-21, other pleadings from Orleans Parish criminal magistrate case number 591-013, and the proceedings in Louisiana Supreme Court Writ No. 2021-KH-1706, in which Reynolds challenged his arrest and the state court's probable cause finding.

On July 15, 2022, this court dismissed the petition and abstained from the exercise of jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971).[11]  Reynolds separately appealed the

---

[7] *See Reynolds v. Orleans Crim. Dist. Ct.*, No. 22-200, 2022 WL 2789402, at *1 (E.D. La. Jul. 25, 2022) (Reynolds' prior § 2241 asserting these same challenges), *appeal dismissed*, No. 22-30473, 2022 WL 18511531, at *1 (5th Cir. Oct. 24, 2022).
[8] Civ. Action 22-200"R"(2), ECF No. 3, ¶13, at 6; *id.*, ECF No. 3-1, at 1-2.
[9] *Id.*, ECF No. 16.
[10] *See id.* at 1-2 (describing the state court record).  The state court record is still retained by the clerk of court.
[11] *Reynolds*, 2022 WL 2789402, at *2-3.

Order and the Judgment entered September 13, 2022.[12]  The United States Fifth Circuit dismissed both appeals for want of prosecution.[13]

### B.   Current § 2241 Federal Petition

In this current § 2241 petition filed on January 27, 2022,[14] Reynolds alleges that the state magistrate court found probable cause to detain him although the evidence showed he was not the perpetrator.[15]  He claims that he was not identified in a lineup, was not seen in the video of the shooting, was not arrested with a gun, and did not own the car involved in the shooting.[16]  As relief, he seeks his release from custody.

Because Reynolds is not entitled to the relief sought and the petition can be disposed of on its face, the court has not sought a response from the State.[17]

## II.   Subject Matter Jurisdiction Under § 2241

A petition brought under § 2241 may be granted if the inmate "is in custody in violation of the Constitution or laws . . . of the United States."[18]  A state detainee's pre-trial petition for writ of habeas corpus is properly brought under 28 U.S.C. § 2241.[19]  The petitioner must be in custody for the state criminal matter under attack at the time the petition is filed.[20]  A pretrial petitioner

---

[12] Civ. Action No. 22-200 "R" (2), ECF No. 28, 33 (Notices of Appeal); *see also id.*, ECF No. 31 (Judgment).

[13] *Id.*, ECF Nos. 34, 35.

[14] For a *pro se* prisoner, the "mailbox rule" provides that the filing day is considered to be the date when prison officials receive the pleading from the prisoner for delivery to the court.  *Stevenson v. Anderson*, 139 F. App'x 603, 604 (5th Cir. 2005); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995); *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (applying the mailbox rule to federal habeas petitions under § 2254).  In the absence of evidence to the contrary, federal courts generally presume that the inmate's signature date on the complaint is the date he gave it to prison officials for mailing to the courts.  *Accord Toomer v. Cain*, No. 09-7446, 2010 WL 4723365, at *1 n.3 (E.D. La. Jul. 30, 2010) ("Generally, a court will look to the date a prisoner signed his pleading as the earliest date the pleading could have been provided to prison officials for mailing.").  Under this rule, Reynolds filed his original, deficient petition on January 27, 2022, and it was received by the clerk of court on February 3, 2022.

[15] ECF No. 3, ¶4, at 1.

[16] *Id.*, ¶6(b), at 2; *id.*, ¶13, at 6 (Ground One, part (a)).

[17] 28 U.S.C. § 2243.

[18] 28 U.S.C. § 2241(c)(3).

[19] *See Chadman v. Fowler*, No. 17-703, 2018 WL 4051868, at *2 (N.D. Tex. Aug. 24, 2018); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987).

[20] *Lackawanna Cnty. Dist. Atty. v. Coss*, 532 U.S. 394, 400-01 (2001); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

who has not yet been tried for the offense in question thus has a right, albeit limited, to invoke federal habeas relief under § 2241.[21]  The scope of the limited review turns on the type of relief sought.[22]

A petitioner is generally not permitted to disrupt "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" absent "special circumstances."[23]  However, "an attempt to force the state to go to trial" may proceed following exhaustion of state remedies.[24]

## III.  Discussion

### A.  Mootness

A state *pretrial* detainee is entitled, in some circumstances, to raise constitutional claims in a federal habeas proceeding under 28 U.S.C. § 2241.[25]  Although Reynolds filed this § 2241 petition while state charges were pending, he has since been convicted in Orleans Parish Criminal Case No. 552-170.  After a bench trial, Reynolds was convicted of the lesser offense of manslaughter and obstruction of justice, and sentenced to 30 years in prison.[26]  The Louisiana Fourth Circuit Court of Appeal affirmed his conviction on June 15, 2023.[27]  That court, however, vacated the sentence imposed prior to statutory sentencing delays, and it remanded the matter for resentencing.[28]

Reynolds' conviction means he is no longer a pretrial detainee.  Once a defendant has been found guilty at trial, "[the] verdict of guilty beyond a reasonable doubt demonstrates *a fortiori* that

---

[21] *Braden v. 30th Jud. Dist. Ct.*, 410 U.S. 484, 488-89 (1973).
[22] *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976).
[23] *Braden*, 410 U.S. at 489, 493.
[24] *Brown*, 530 F.2d at 1282-83.
[25] *See* 28 U.S.C. § 2241(c); *Dickerson*, 816 F.2d at 224 (recognizing that state pretrial detainees may bring pretrial challenges under 28 U.S.C. § 2241).
[26] *Reynolds*, 2023 WL 4013322, at *1.
[27] *Id*.
[28] *Id*. at *3.

4

there was probable cause to charge the defendant[s] with the offenses for which they were convicted."[29]  Thus, the pretrial issues raised in Reynolds' § 2241 habeas petition (e.g., the preliminary finding of probable cause and request for dismissal of the charges[30]) are moot and need not be resolved in this proceeding.[31]

### B.    Recharacterization of the Claims and Failure to Exhaust

When a petitioner's pretrial claims can be construed as an attack on the validity of a later obtained conviction, a pretrial § 2241 petition may be recharacterized as a petition under 28 U.S.C. § 2254 after the petitioner is convicted in state court.[32]  Recharacterization, however, is unnecessary under the circumstances in Reynolds' case for several reasons.  First, his claims challenged the validity of his arrest and the probable cause finding to hold him over for trial.  The Supreme Court recognizes an "established rule that illegal arrest or detention does not void a subsequent conviction."[33]  Reynolds' claims are not a direct challenge to the conviction and judgment under which he is now in custody.

Second, Reynolds' state court conviction is not final for purposes of initiating federal review under § 2254.  As noted above, via direct appeal on June 15, 2023, the Louisiana Fourth Circuit vacated Reynolds' sentence and remanded the matter to the state trial court for

---

[29] *United States v. Mechanik*, 475 U.S. 66, 67 (1986).

[30] *Yohey v. Collins*, 985 F.2d 222, 228-29 (5th Cir. 1993); *Fassler*, 858 F.2d at 1018 n.3.

[31] *See Wade v. Anderson*, No. 09-684, 2010 WL 930991, at *1 (N.D. Tex. Mar. 15, 2010) (dismissing with prejudice as moot pretrial detainee's § 2241 petition after his conviction); *see also Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) (recognizing that habeas petitions challenging legality of pretrial detention were rendered moot by conviction); *Thorne v. Warden, Brooklyn House of Detention for Men*, 479 F.2d 297, 299 (2d Cir. 1973) ("Since [petitioner] is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued pretrial detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented").

[32] *Hartfield v. Osborne*, 808 F.3d 1066, 1071-74 (5th Cir. 2015) ("We hold that the plain language of § 2254 includes [petitioner's] current petition for a writ.  Because [petitioner] is currently in custody pursuant to a state court judgment, any habeas writ that issues from a federal court at the present time would necessarily release him from custody pursuant to a state court judgment.").

[33] *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975); *see Lofton v. Whitley*, 905 F.2d 885, 889 (5th Cir. 1990) ("Even if [the petitioner] were illegally detained, illegal 'detention does not void a subsequent conviction.'") (quoting *Gerstein*, 420 U.S. at 119).

resentencing. Both a petitioner's conviction and sentence must be final for application of § 2254, and that finality occurs at "the conclusion of direct review or the expiration of the time for seeking such review" under state law.[34] Generally, a Louisiana defendant's conviction is final thirty days after the appellate court renders its direct appeal opinion, unless the defendant timely files a writ application in the Louisiana Supreme Court for review of the appellate court's ruling.[35] If the defendant seeks supervisory review, his conviction is final 90 days after the Louisiana Supreme Court's ruling if he does not file for review with the United States Supreme Court.[36] If he does seek review with the Supreme Court, his conviction is final when the Supreme Court denies certiorari.[37] Reynolds has not attained finality of his conviction or any new sentence. Therefore, it would be premature for this Court to recharacterize the claims in his petition and consider them under § 2254 at this time.

Third, state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary review procedures.[38] Reynolds has not exhausted available state court remedies with respect to the specific claims asserted in his federal petition. "A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral

---

[34] *See Burton v. Stewart*, 549 U.S. 147, 156-57 (2007) (discussing finality of a state court conviction and sentence for purposes of applying the AEDPA's limitations provisions).

[35] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("[A] conviction becomes final when the time for seeking further direct review in the state court expires.") (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)); LA. CODE CRIM. P. art. 922 (addressing finality of appeal judgment); LA. SUP. CT. RULE X§ 5 (time for seeking review in Louisiana Supreme Court).

[36] *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S. SUP. CT. RULE 13(1).

[37] *See Geisberg v. Cockrell*, 288 F.3d 268 (5th Cir. 2002) (for purposes of the AEDPA, a state conviction becomes final when a petition for certiorari is denied by the United States Supreme Court); *Crutcher v. Cockrell*, 301 F.3d 656, 657 (5th Cir. 2002) (same); *Hoffman v. Louisiana*, 768 So. 2d 592, 592 (La. 2000) (conviction not final until application for writ of certiorari to U.S. Supreme Court is denied).

[38] *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Walker*, 533 U.S. 167, 177-79 (2001).

relief."[39]  The exhaustion requirement is satisfied when the substance of the federal habeas claims

has been "fairly presented to the highest state court" in a procedurally proper manner.[40]  "Before

seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28

U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged

violations of its prisoners' federal rights."[41]

According to the records in Civil Action No. 22-200 "R" (2), Reynolds presented his

challenge to the sufficiency of the evidence supporting his arrest and the charges against him in

his pretrial Louisiana Supreme Court Writ No. 2021-KH-1706.  However, the Louisiana Supreme

Court did not consider that application nor any of Reynolds' pretrial writ applications because of

Reynolds' procedural failure to first seek review in the lower courts.[42]  On direct appeal, Reynolds

also did not challenge the sufficiency of the evidence against him or the validity of his arrest and

charges.  Instead, he asserted two claims, both challenging the timing of his sentencing by the state

trial court.[43]  In addition, as mentioned previously, he also has not completed review of his direct

appeal or resentencing in the Louisiana Supreme Court.[44]

Any recharacterization would be fruitless, as this court would be compelled to dismiss the

claims for failure to exhaust in the interest of comity.[45]

---

[39] *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Nobles v. Johnson*, 127 F.3d 409, 419 (5th Cir. 1997).

[40] *Whitehead*, 157 F.3d at 387 (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)).

[41] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation marks omitted); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

[42] *See State v. Reynolds*, 352 So. 3d 558 (La. Jan. 11, 2023); *State v. Reynolds*, 342 So. 3d 558 (La. Jul. 22, 2022); *State v. Reynolds*, 331 So. 3d 928 (La. Jan. 26, 2022).

[43] *Reynolds*, 2023 WL 4013322, at *1.

[44] Reynolds also has not yet pursued post-conviction review (since his conviction is not final under state law).  This process requires initial presentation of appropriate claims on the appropriate form in the state trial court.  LA. CODE CRIM. PROC. art. 925 *et seq.*  Review of the trial court's ruling may then be sought in the appellate court and the Louisiana Supreme Court by application for a writ of review.  LA. CODE CRIM. PROC. art. 930.6; LA. SUP. CT. RULE X § 5; LA. APP. RULE 4–1 *et seq.*

[45] *Rose*, 455 U.S. at 518; *see Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000) ("And we held in [*Murray v. Carrier*, 477 U.S. 478, 488-89 (1986)] that the principles of comity and federalism that underlie our longstanding exhaustion

C.    **Summary**

Reynold's is no longer a pretrial detainee, and his conviction in Orleans Parish Criminal Case No. 552-170 has rendered moot his § 2241 petition for pretrial habeas relief.  In addition, Reynolds' state court conviction is not yet final as necessary to trigger federal review under § 2254. Further, Reynolds has not exhausted available state court review of his claims in a procedurally proper manner through the Louisiana Supreme Court, which must be done before seeking federal review under §2254.  For these reasons, as more fully set forth herein, Reynolds' case is not primed for federal habeas corpus review under § 2254.  Thus, recharacterization of this § 2241 petition is not warranted.

Accordingly, for the reasons above, Reynolds' § 2241 petition should be dismissed as moot.

## **RECOMMENDATION**

For the foregoing reasons, **IT IS RECOMMENDED** that Dashone Marcel Reynolds' petition for habeas corpus relief considered under 28 U.S.C. § 2241 be **DISMISSED** as moot.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[46]

---

doctrine - then as now codified in the federal habeas statute, see 28 U.S.C. §§ 2254(b), (c) - require that [a] constitutional claim [. . .] be first raised in state court").

[46] *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).  *Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

New Orleans, Louisiana, this <u>3rd</u> day of August, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE